# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **TRICIA GALBREATH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **15-308**___ |
| | ) |
| **HALE COUNTY, ALABAMA** | ) **JURY TRIAL DEMANDED** |
| **COMMISSION; HALE COUNTY** | ) |
| **ALABAMA; PROBATE JUDGE** | ) |
| **ARTHUR CRAWFORD (in his** | ) |
| **individual and official capacities),** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Tricia Galbreath, and for her Complaint against Defendants Hale County, Alabama Commission, Hale County, Alabama, and Hale County Probate Judge Arthur Crawford, sets forth and states as follows:

### I.   JURISDICTION

1.   This is an action brought pursuant to 42 U.S.C § 1983 to redress violation of the Plaintiff's federally protected rights, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e et seq. ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## II.   PARTIES

4. The Plaintiff, Tricia Galbreath, is a 54 year-old white female who is a resident of Marion County, Alabama.

5. Defendant Hale County, Alabama Commission (hereinafter, "the Commission") is the governing body of Hale County, Alabama, a political subdivision of the State of Alabama. The Commission consists predominantly of African-American commissioners.

6. Defendant Hale County, Alabama (hereinafter, "Hale County") is a political subdivision of the State of Alabama and is located within the geographical area of this Court's Northern Division and acted at all times relevant under color of state law.

7. Defendant Hale County Probate Judge Arthur Crawford is an African-American male over the age of 19, a resident of Hale County, Alabama, and at all times relevant to this Complaint acted under color of state law as the duly-elected Probate Judge for Hale County, Alabama. He is sued in his individual and official capacities.

## III.   FACTUAL ALLEGATIONS

8. On November 25, 2008, Tricia Galbreath was hired under written contract by the Hale County Commission to serve as the Hale County Administrator.

9. Said contract was subsequently amended on November 27, 2012. (Exhibit A, Tricia Galbreath Employment Contract Amendment With the Hale County Commission, "Contract", at p.1.)

10. The term of employment as set forth in the Contract was November 25, 2008 to November 25, 2013. (Id.)

11. The amendment contained:

RENEWAL TERM OF EMPLOYMENT:  Upon the expiration of the Initial Term of Employment, the Employer hereby extends the terms of this Agreement for five years beginning on November 26, 2013, to November 25, 2018.

(Id.)

12. The contract provided that Tricia Galbreath could terminate the contract at any time, at which point she would be "entitled to receive, in full discharge of all of [Hale] County's obligations to [Tricia Galbreath], [her] full compensation, benefits and expense reimbursements then payable to [her] through the date of termination." (Id. at p. 2.)

13. The contract further provided that if Tricia Galbreath was terminated "for cause" she would "be entitled to receive, in full discharge of all of [Hale]

3

County's obligations to [Tricia Galbreath], [her] full compensation, benefits and expense reimbursements then payable to [her] through the date of termination and [Tricia Galbreath] shall be entitled to an additional six (6) months of [her] full compensation from the effective date of termination." (Id.)

14. The Contract further provided that if Tricia Galbreath's employment was not terminated due to a disability, death, for cause, or through her own voluntary termination, she would be entitled to:

> full compensation, benefits and expense reimbursements due and payable to [her] under the terms of this Agreement, including any salary increase [she] would have been due under said Contract for the remainder of the contract term. Said payments shall be made in equal monthly installments for the total number of months remaining on the contract term at the time of termination.

(Id.)

15. In Hale County, the Probate Judge is also the chairman of the Hale County Commission.

16. Defendant Crawford ran for election as Hale County Probate Judge in 2012.

17. Defendant Crawford initially won the Democratic primary against the three term incumbent, but was subsequently removed from the ballot by Montgomery County Circuit Judge Charles Price due to his failure to comply with campaign disclosure laws.

18. Defendant Crawford launched a write in campaign and won the

general election in November 2012, becoming the first African-American to win the seat and the first ever candidate to win the seat as a write-in candidate.

19. After his election, Defendant Crawford, with the support of the Hale County Commission, began a systemic purging of white county employees.

20. White employees terminated by Defendant Crawford and the Hale County Commission included the Plaintiff, the Chief Clerk of the Probate Court, and the County Attorney.

21. Each of the foregoing employees were replaced with African-Americans.

22. On June 18, 2013, at a Hale County Commission meeting, Ms. Galbreath was terminated by the Defendants without any prior notice.

23. Ms. Galbreath was called into an executive session under the guise of discussing performance issues and an "improvement plan" and was terminated instead.

24. To be clear, at no point prior to being called into the executive session did Ms. Galbreath ever receive notice that she was going to be disciplined in any way.

25. Prior to the June 18, 2013 meeting, none of the Defendants had ever raised any of the issues presented to Ms. Galbreath.

26. The reasons given during the executive session -- absenteeism, failure

to carry out duties, use of foul language, etc. -- were false and created as a pretext to terminate Ms. Galbreath because she was an older white woman.

27. Prior to her termination, Ms. Galbreath had satisfactorily performed all of her duties as County Administrator as evidenced by her contract being renewed.

28. Prior to her termination, none of the Defendants gave Ms. Galbreath any indication that she was not performing up to their expectations.

29. Prior to her termination, neither Hale County, the Commission, nor anyone acting on behalf of either entity gave any indication that Ms. Galbreath was failing to perform her duties in any way.

30. The Defendants had no non-discriminatory reason for terminating Ms. Galbreath's employment.

31. The Defendants terminated Ms. Galbreath because of her age and race so that they could replace her with a younger African-American.

32. The white county attorney was terminated by the counsel at the same time as Ms. Galbreath and subsequently replaced by a younger African-American.

33. There was no legitimate non-discriminatory reason for terminating the county attorney's employment.

34. The aforementioned personnel policies did not meet the constitutional minima required under federal law.

35. After Ms. Galbreath's termination, Defendant Crawford repeatedly made false and defamatory statements, including, *inter alia*, the allegations made in the June 18, 2013 executive session, to persons outside of Hale County government including persons in state government and others.

36. The Defendants have failed and refused to honor any of the aforementioned termination terms of Ms. Galbreath's contract.

37. Hale County promulgated personnel policies that were in place at the time of the Plaintiff's termination. These policies contained, *inter alia*, disciplinary procedures and a grievance process.

38. Said policies were unconstitutional on their face.

39. Moreover, the Defendants failed to follow their own policies.

40. Ms. Galbreath filed a Notice of Claim with the Hale County Commission on September 4, 2013.

41. Ms. Galbreath filed a complaint with the Equal Employment Opportunity Commission which gave her a right to sue on April 27, 2015. (See, Exhibit B, Dismissal and Notice of Rights.)

### IV.   CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Due Process Rights

42. The Plaintiff adopts and incorporates the allegations set forth in

Paragraphs 1-41 above as if set forth herein in full.

43. Ms. Galbreath had a constitutionally protected property interest in her employment as County Administrator.

44. At all times relevant, Hale County had constitutionally deficient personnel policies that did not provide the Plaintiff with the procedural due process required by the Fourteenth Amendment to the United States Constitution in that they did not provide notice or a sufficient opportunity for her to be heard prior to being terminated.

45. Moreover, given the racial animus of the Defendants, there was no neutral decision maker in the process.

46. As a result of the Defendants' violation of the Plaintiff's due process rights, Ms. Galbreath lost wages, compensation, and other benefits, and also suffered mental anguish.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory damages, back pay, punitive damages, attorneys fees, interest, costs, reinstatement and/or front pay, and such further relief as the Court may award.

## COUNT II
### 42 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Equal Protection Rights.

47. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41 above as if set forth herein in full.

48. Ms. Galbreath was terminated from her employment as County Administrator despite performing all of her duties in an exemplary manner.

49. The Plaintiff was discriminated against and terminated from her employment by the Defendants because of her race.

50. The Defendants engaged in a pattern and practice of removing white employees from their employment with Hale County while allowing similarly situated African-American employees to retain their jobs.

51. The Defendants replaced the Plaintiff with an African-American.

52. As a result of the Defendants' violation of the Plaintiff's equal protection rights, Ms. Galbreath lost wages, compensation, and other benefits, and also suffered mental anguish.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory damages, back pay, punitive damages, attorneys fees, interest, costs, reinstatement and/or front pay, and such further relief as the Court may award.

## COUNT III
### 42 U.S.C. § 2000e – Race-Based Employment Discrimination.

53. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41 above as if set forth herein in full.

54. The Defendants treated similarly situated African-Americans more favorably than white employees.

55. Specifically, upon assuming control of the Hale County government

the Defendants engaged in a practice of removing white employees and replacing them with African-American employees.

56. African-American employees who were employed prior to the election continued to serve in their positions with the Hale County government.

57. White employees such as the Plaintiff were removed even when their job performance was the same or better than similarly situated African-American employees.

58. Ms. Galbreath was terminated from her position as County Administrator by the Defendants because of her race and was replaced by an African-American.

59. Defendants did not have a legitimate non-discriminatory reason for terminating Ms. Galbreath.

60. As a result of the Defendants' violation of the Plaintiff's rights under Title VII, Ms. Galbreath lost wages, compensation, and other benefits, and also suffered mental anguish.

WHEREFORE Plaintiff demands judgment against all Defendants for compensatory damages, back pay, punitive damages, attorneys fees, interest, costs, reinstatement and/or front pay, and such further relief as the Court may award.

## COUNT IV
### State Law -- Breach of Contract

61. The Plaintiff adopts and incorporates the allegations set forth in

Paragraphs 1-41 above as if set forth herein in full.

62. The Plaintiff and the Hale County Commission had a written employment contract.

63. The Hale County Commission, through the acts of the Defendants have breached one or more terms of said contract.

64. The Plaintiff fully complied with the terms of the contract.

65. As a result of the Defendants' breach of the employment contract, the Plaintiff has suffered damages.

WHEREFORE Plaintiff demands judgment against Hale County and the Hale County Commission for the amounts due to her under the contract plus interest, costs, and such further relief as the Court may award.

## COUNT V
### State Law -- Wrongful Termination

66. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41 above as if set forth herein in full.

67. The Plaintiff had ha protectable interest in her employment through both a written contract with the Hale County Commission and the employment policies and procedures of the Hale County Commission.

68. Despite said protections, Hale County through its Commission wrongfully terminated the Plaintiff.

69. As a result of the wrongful termination of the Plaintiff she suffered

damages.

WHEREFORE Plaintiff demands judgment against Hale County and the Hale County Commission for back pay, reinstatement and/or front pay, compensatory damages, plus interest, costs, and such further relief as the Court may award.

## COUNT VI
### State Law -- Defamation

70. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41 above as if set forth herein in full.

71. Defendant Crawford made false and defamatory statements against Ms. Galbreath.

72. Said statements were made to multiple third parties.

73. The communications between Defendant Crawford and the third parties was not privileged.

74. Defendant Crawford made said defamatory statements:

    a. negligently with respect to their truthfulness;

    b. with reckless disregard to their truth or falsity; and/or

    c. with knowledge that the statements were false.

75. Said false statements constitute defamation per se and/or per quod.

76. Plaintiff suffered damage to her professional reputation as a result of Defendant Crawford's defamatory statements in that, *inter alia*, she has Ms.

Galbreath lost wages, compensation, and other benefits, and also suffered mental anguish.

WHEREFORE Plaintiff demands judgment against Defendant Crawford for compensatory and punitive damages plus interest, costs, and such further relief as the Court may award.

## COUNT VII
### 42 U.S.C. § 1983 – Violation of Plaintiff's 14th Amendment Due Process Rights – Stigma Plus

77. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41 and 71-76 above as if set forth herein in full.

78. The Plaintiff was terminated by the Defendants under circumstances that seriously damaged her standing and associations in the community and/or foreclosed her freedom to take advantage of other employment opportunities.

79. Plaintiff was not afforded an opportunity to clear her name.

80. As a result of the Defendants' violation of the Plaintiff's rights under the Fourteenth Amendment due process clause, Ms. Galbreath lost wages, compensation, and other benefits, and also suffered mental anguish.

## COUNT VIII
### 29 U.S.C. § 621 et seq. – Age Discrimination.

81. The Plaintiff adopts and incorporates the allegations set forth in Paragraphs 1-41 above as if set forth herein in full.

82. At age 54, the Plaintiff was a member of the class sought to be

protected by the ADEA.

83. The Defendants subjected the Plaintiff to an adverse employment action by terminating her employment.

84. The Plaintiff was qualified to do the job as County Administrator, and had in fact been doing the job adequately for nearly five years and had just recently had her contract renewed.

85. The Defendants replaced the Plaintiff with a younger woman.

86. As a result of the Defendants' violation of the Plaintiff's rights under the ADEA, Ms. Galbreath lost wages, compensation, and other benefits, and also suffered mental anguish.

WHEREFORE, Plaintiff demands judgment against all Defendants for compensatory damages, back pay, punitive damages, attorneys fees, interest, costs, reinstatement and/or front pay, and such further relief as the Court may award.

Respectfully submitted this 15th day of June, 2015.

   /s/ Charles M. Ingrum, Jr._____
Charles M. Ingrum, Jr.  (ING-028)
Attorney for the Plaintiff
P.O. Box 229
830 Avenue A
Opelika, AL  36801
(334) 745-3333
FAX – (334) 745-3155
cmi2@irplaw.com