IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRICIA GALBREATH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 15-308-CG-N |
| | ) |
| **HALE COUNTY, ALABAMA** | ) |
| **COMMISSION, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER ON REQUEST TO RECONSIDER

This matter is before the Court on the request of the parties, made at the pretrial conference, to reconsider the Court's ruling on Defendants' Motion for Summary Judgment on Plaintiff's claim of defamation (Count 6). (Doc. 50, p. 2). Given the following, Defendants' Motion for Summary Judgment as to Count 6 is **GRANTED**, in full.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Within Count 6 of her complaint, Plaintiff Tricia Galbreath ("Plaintiff") alleged that Defendant Judge Arthur Crawford ("Judge Crawford") made defamatory statements about Plaintiff. (Doc. 1, p. 12). Although the complaint does not expound on Judge Crawford's defamatory statements, Plaintiff's answers to Defendants' interrogatories do. Judge Crawford's defamatory statements can be broken down into three categories: (1) his statements during the June 18, 2013, Hale County Commission meeting executive session; (2) his statements to Mary Pon and Sonny Brasfield on or about June 18, 2013; and (3) his statements to Peggy

King around October 2013.  (Doc. 35-11, p. 4).  In the Court's Order and Memorandum Opinion on Defendants' Motion for Summary Judgment (Doc. 48), the Court granted summary judgment as to categories one and three but denied summary judgment as to category two, concluding that the hearsay statements of Sonny Brasfield and Mary Pon could be reduced to an admissible form at trial if they testified.  (Doc. 48, p. 55–56).  At the pretrial conference, the parties made the Court aware that neither party intends to call Mary Pon or Sonny Brasfield as a witness at trial.  (Doc. 45; Doc. 44).  Thus, the parties request the Court reconsider Defendants' motion as it relates to Judge Crawford's statements to Mary Pon and Sonny Brasfield.  (Doc. 50, p. 2).

## II. ANALYSIS

Defendants contend that any testimony by Plaintiff as to what Sonny Brasfield or Mary Pon told Plaintiff Judge Crawford said about Plaintiff is inadmissible hearsay.  (Doc. 26, p. 26).  Thus, Plaintiff does not survive summary judgment.  *Id.*  Plaintiff, however, argues that Judge Crawford's statements to Sonny Brasfield and Mary Pon are "not hearsay because it is not being offered for the truth of the matter asserted—indeed, [Plaintiff's] defamation claim is premised on the statements being false—but rather that [ ] the publication was made to them." (Doc. 34, p. 50).

The publication of a false statement is an operative fact of legal consequence in a defamation case.  *Bush v. Bank of Pinellas Cnty.*, 916 F. Supp. 1244, 1255 (M.D. Fla. 1996).  "Because Plaintiff may introduce a defamatory statement to prove it was made, rather than to prove the truth of the matter asserted, the statement is

2

not hearsay." *Id.* In other words, Plaintiff's deposition testimony regarding any defamatory statements she heard Judge Crawford publish are not hearsay. But Plaintiff does not contend she heard Judge Crawford publish any of the statements to Sonny Brasfield and Mary Pon. Instead, Plaintiff attempts to introduce Judge Crawford's alleged publication through her own testimony regarding the out-of-court assertions of Sonny Brasfield and Mary Pon to herself. The out-of-court assertions of Sonny Brasfield and Mary Pon "do not fall into any nonhearsay or exception to hearsay category and thus are inadmissible." *Id.* at 1256; *see also Marshall v. Planz*, 13 F. Supp. 2d 1246, 1256 (M.D. Ala. 1998) (finding the plaintiff's own deposition testimony as to a third-person's out-of-court assertion regarding the defendant's alleged defamatory statement was inadmissible hearsay that could not be considered in deciding a motion for summary judgment). As the Court explained in its earlier order, hearsay statements may be relied upon to overcome summary judgment if the statement "could be 'reduced to admissible evidence at trial or reduced to admissible form.'" (Doc. 48, p. 55) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999)). Since Sonny Brasfield's and Mary Pon's statement regarding what Judge Crawford said cannot be reduced to an admissible form, neither is a basis upon which Plaintiff may overcome summary judgment. Defendants' Motion for Summary Judgment for the defamatory statements made by Judge Crawford to Sonny Brasfield and Mary Pon is **GRANTED.**

## III. CONCLUSION

Upon the reconsideration above, the Court **SUPPLEMENTS** its previous Order and Memorandum Opinion (Doc. 48) to **GRANT**, in full, Defendants' Motion for Summary Judgment as to Plaintiff's defamation claim (Count 6).

**DONE** and **ORDERED** this 17th day of February, 2017.

                    /s/ Callie V. S. Granade  
                    SENIOR UNITED STATES DISTRICT JUDGE