# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **TRICIA GALBREATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **2:15-cv-308-CG-M** |
| **HALE COUNTY, ALABAMA** | ) | |
| **COMMISSION; et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW, the Tricia Galbreath, the Plaintiff in the above-entitled action, and respectfully submit the attached list of proposed instructions for the jury in this matter.

Respectfully submitted this 16th day of March, 2017.

By: _____

Charles M. Ingrum, Jr. (ING-028)
Attorney for Plaintiff
830 Avenue A, Ste. B
Opelika, AL
(334) 745-3333 (office) / (334) 460-2287 (fax)
cmi2@irplaw.com

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served on counsel of record by utilizing the court's electronic filing system and/or by placing a copy of same in the United States mail on this 16th day of March, 2017.

Robert Lockwood
100 Washington Street, Suite 100
Huntsville, AL 35801

OF COUNSEL

2

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 1

In this case, Tricia Galbreath claims that Hale County and the Hale County Commission, deprived Tricia Galbreath of her constitutional right of due process in discharging her from her employment as the Hale County Administrator. Hale County and the Hale County Commission deny Tricia Galbreath's claims and assert the affirmative defense of mitigation.

Under the Fourteenth Amendment to the Constitution of the United States, a public employee with a property interest in her employment is entitled to due process before being discharged from her employment. Due process means that the employer must give the employee both notice of the grounds for discharge, and some kind of hearing at which the employee may defend herself.

To succeed on her claim, Tricia Galbreath must prove each of the following facts by a preponderance of the evidence:

First:     That Tricia Galbreath had a protected property interest in her job as County Administrator;

Second:     That Tricia Galbreath was terminated from her employment as County Administrator by Hale County and the Hale County Commission;

Third:     That Hale County and the Hale County Commission did not provide Tricia Galbreath with notice and an opportunity to defend herself prior to being discharged from her employment.

With respect to the First element, you should be aware that I have already determined that Tricia Galbreath had a protectible interest in her job as a matter of law, so you should take that fact as established.

Second, the Parties have agreed that Tricia Galbreath was terminated from her employment so you should take that fact as established.

For the third element, you must decide whether Hale County and the Hale County Commission provided Tricia Galbreath with both notice and an opportunity to defend herself before discharging her from her job as the Hale County Administrator. To be adequate, notice can be written or oral and must inform an employee of the charges against her and an explanation of the employer's evidence against her. A hearing is adequate when the employee is given an opportunity to defend herself against the charges before an unbiased decision maker.

If you find in Tricia Galbreath's favor for each fact she must prove, you must consider Tricia Galbreath's compensatory damages. When considering the issue of Tricia Galbreath's compensatory damages, you should determine what amount, if any, has been proven by Tricia Galbreath by a preponderance of the evidence as full, just and reasonable compensation for all of Tricia Galbreath's damages as a result of the discharge, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Hale County and the

4

Hale County Commission. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Tricia Galbreath has proved them by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits from the date of the discharge to the date of your verdict; and

(b) Emotional pain and mental anguish.

To determine the amount of Tricia Galbreath's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Tricia Galbreath should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Tricia Galbreath does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

Source:    Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985); McKinney v. Pate, 20 F.3d 1550, 1562 (11th Cir. 1994)

Given    _____

Refused    _____

<u>PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 2</u>

I am now going to instruct you on the Plaintiff's wrongful termination claim. This is a claim based upon Alabama state law. If you find by a preponderance of the evidence that

1.    Tricia Galbreath was entitled to pre-termination hearing and she was not given such a hearing due to lack of notice of the charges against her, lack of a neutral fact finder, and/or a reasonable opportunity to defend herself from the charges against her; or

2.    That Tricia Galbreath was not properly terminated in that the unanimous consent of all members of the Hale County Commission was required and not obtained then you must find in favor of Tricia Galbreath against the Defendant or Defendants who deprived her of that pre-termination hearing. If you find that Tricia Galbreath was afforded notice and an opportunity to respond to the charges against her, then your verdict should be for the Defendants on that claim.

If you find in Tricia Galbreath's favor for each fact she must prove, you must consider Tricia Galbreath's compensatory damages. When considering the issue of Tricia Galbreath's compensatory damages, you should determine what amount, if any, has been proven by Tricia Galbreath by a preponderance of the evidence as full, just and reasonable compensation for all of Tricia Galbreath's damages as a result of the discharge, no more and no less. Compensatory damages are not allowed as a

punishment and must not be imposed or increased to penalize Hale County and the Hale County Commission. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Tricia Galbreath has proved them by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits from the date of the discharge to the date of your verdict; and

(b) Emotional pain and mental anguish.

To determine the amount of Tricia Galbreath's net lost wages and benefits, you should consider evidence of the actual wages she lost and the monetary value of any benefits she lost.

To determine whether and how much Tricia Galbreath should recover for emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. Tricia Galbreath does not have to introduce evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates her for her claim. There is no exact standard to apply, but the award should be fair in light of the evidence.

Source:      <u>Stallworth v. City of Evergreen</u>, 680 So. 2d 229 (Ala. 1996); <u>Hardic v.
City of Stevenson</u>, 843 So. 2d 206 (Ala. Civ. App. 2002); <u>City of
Gadsden v. Harbin</u>, 398 So. 2d 707 (Ala. Civ. App. 1981).

Given          _____

Refused        _____

PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 3

Tricia Galbreath alleges that there was a contract of employment between her and Hale County and the Hale County Commission.  A contract is an agreement to do or not do a certain thing.  To prove there was a contract Tricia Galbreath must prove by a preponderance of the evidence each of the following elements:

1.    There was an offer;

2.    There was acceptance;

3.    There was consideration; and

4.    There was mutual assent to the terms of the contract.

Source:    APJI 10.1 (modified)

Given        _____

Refused      _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 4

An offer proposes the terms of a contract to the other party. The party making the offer must intend to be bound by its terms, if the proposal is accepted.

Source:      APJI 10.2

Given        _____

Refused      _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 5

An acceptance of an offer is a statement or conduct showing that the party agrees

to all the terms of the offer and intends to be bound by those terms.

Source:     APJI 10.3

Given       _____

Refused     _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 6

Consideration for a contract is:

Anything of value promised or received; or

Doing or promising to do something which one has a right to do; or

Promising not to do something which one has a right to do.

Source:     APJI 10.4

Given     _____

Refused     _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 7

Mutual assent means that all parties to the contract understood and accepted all the essential terms of the contract. Mutual assent is sometimes referred to as a meeting of the minds.

Source:     APJI 10.5

Given        _____

Refused      _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 8

A contract is breached or broken when a party does not do what he/she/it promised to do in the contract. To recover damages from Hale County and the Hale County Commission for breach of contract, Tricia Galbreath must prove by a preponderance of the evidence all of the following:

1. That Tricia Galbreath and the Hale County Commission entered into a contract;

2. That Tricia Galbreath did the things that the contract required her to do;

3. That the Hale County Commission failed to do something that the contract required them to do; and

4. That Tricia Galbreath was harmed by that failure.

If Tricia Galbreath proves all these things, you must find for her and then you must decide how much money will reasonably compensate Tricia Galbreath. If Tricia Galbreath does not prove all these things, you must find for the Hale County Commission.

Source:     APJI 10.13 (modified)

Given        _____

Refused      _____

14

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 9

If you decide that Tricia Galbreath proved her claim against the Hale County Commission for breach of contract, you also must decide how much money will reasonably compensate Tricia Galbreath for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put Tricia Galbreath in as good a position as she would have been if Hale County and tthe Hale County Commission had not broken the contract.

Source:     APJI 10.36

Given       _____

Refused     _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 10

If you find that one or more of the Defendants are liable to the Plaintiff then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole – that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

16

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Source:       <u>Federal Jury Practice and Instructions</u>, § 128.01 (modified)

Given         _____

Refused       _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 11

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Source:     Pattern Jury Instructions:  Civil Cases (2013 Ed.), U.S. Eleventh Circuit,, § 3.8.1.

Given          _____

Refused        _____

## PLAINTIFF'S REQUESTED JURY CHARGE NUMBER 12

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

### [Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Source:     Pattern Jury Instructions:  Civil Cases (2013 Ed.), U.S. Eleventh Circuit,, § 3.9.

Given       _____

Refused     _____

19

<u>REQUESTED SPECIAL INTERROGATORIES TO THE JURY</u>

**Do you find from a preponderance of the evidence:**

1.      That Defendants Hale County and the Hale County Commission violated Tricia Galbreath's due process rights?

        Answer Yes or No_____

        ***Note:  If you answered No to number 1 you may skip to question 3.***

2.      That the Plaintiff should be awarded damages to compensate her for lost wages and benefits and for mental anguish from the date of the discharge to the date of your verdict?

        Answer Yes or No_____

        If you answered *Yes*, in what amount? $_____

3.      That Defendants Hale County and the Hale County Commission wrongfully terminated Tricia Galbreath from her employment as the Hale County Administrator?

        Answer Yes or No _____

        ***Note:  If you answered No to number 3 you may skip to question 5.***

4.      That the Plaintiff should be awarded damages to compensate her for lost wages and benefits and mental anguish from the date of the discharge to the date of your verdict?

Answer Yes or No_____

If you answered *Yes*, in what amount? $_____

5.    That a contract existed between Tricia Galbreath and Hale County and the Hale County Commission?

Answer Yes or No_____

6.    That Plaintiff performed under the contract?

Answer Yes or No_____

7.    That Hale County and the Hale County Commission breached the contract?

Answer Yes or No_____

8.    ***Only if "yes" is the answer to question 5, 6, and 7:*** That Tricia Galbreath should be awarded damages to compensate her for Hale County and the Hale County Commission's breach of their contract?

Answer Yes or No_____

If you answered *Yes*, in what amount? $_____

SO SAY WE ALL.

_____
Foreperson

DATED: _____

Given        _____

Refused     _____